Lawrence Spasojevich (LS 1029)
Imran Ansari (IA 1978)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE MALDONADO,
*On behalf of Plaintiff and similarly situated individuals,*

CASE NO.

Plaintiff,            **COMPLAINT**

-against-

DOUGERT MANAGEMENT CORP.,

ECF Case,

Defendant.

---

Plaintiff, JOSE MALDONADO on behalf of Plaintiff and similarly situated individuals,

by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq.,

hereby files this Complaint against Defendant, DOUGERT MANAGEMENT CORP.,

(hereinafter, "Defendant"), and states as follows:

1

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from Defendant: (1) unpaid wages at the overtime wage rate; (2) unpaid wages at the minimum wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from the Defendant: (1) unpaid wages at the overtime wage rate; (2) unpaid wages; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff and Plaintiff and similarly situated individuals' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff, JOSE MALDONADO, is an adult resident of Bronx County, New York.

6.     Upon information and belief, Defendant, DOUGERT MANAGEMENT CORP., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 2881 Middletown Road, Bronx, New York 10461.

7.     At all relevant times, Defendant, DOUGERT MANAGEMENT CORP., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8.      At all relevant times, the work performed by Plaintiff and similarly situated individuals were directly essential to the business operated by Defendant.

9.      At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff and similarly situated individuals the lawful wage rate for all hours worked and the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

10.     Plaintiff has been employed by Defendant for the last fifteen (15) years.

11.     Upon information and belief, Defendant compensated Plaintiff at a salary rate up until approximately August 2017.

12.     Plaintiff worked a regular schedule of 9:00 a.m. until 5:00 p.m., which totaled forty-five (45) hours per work week.

13.     Additionally, on top of Plaintiff's forty-five (45) hour work week, Plaintiff was on call and twenty-four (24) hours each weekend in order to respond to calls from residents from thirty (30) different buildings and, on average, worked  five (5) hours on Saturday and Sunday, each respectively, responding to said calls.

14.     Specifically, during the week of August 20, 2018, Plaintiff recalls and recollects working Monday through Friday, 9:00 a.m. until 5:00 p.m., totaling forty-five (45) hours, responded to calls during Saturday and Sunday totaling approximately ten (10) hours of work responding to calls from residents, and remained on call during Saturday and Sunday, for a work week totaling ninety-three (93) hours.

15.     He was not compensated at the overtime rate for all hours worked over forty (40) during that week.

16.     Following August 2017, Plaintiff was paid at an hourly rate. Plaintiff worked Monday through Friday from 7:00 a.m. until 5:00 p.m. to 7:00 p.m and Sunday 5:00 p.m. to 7:00 p.m.

17.     By way of example, the week of June 14, 2020, Plaintiff worked his regular shift, and upon recall and recollection, Plaintiff worked an additional ten (10) hours responding to telephone calls from building residents and two (2) additional hours on Sunday. Defendant compensated Plaintiff for twenty (20) hours worked at a rate of $16.35 an hour

18.     Plaintiff recalls and recollects reporting the approximately twelve (12) hours to his supervisor.

19.     Defendant did utilize a timekeeping device at the workplace to track hours worked by Plaintiff and similarly situated individuals. Plaintiff reported his time in a time log book, however, said time log is solely in Defendant's exclusive control and possession.

20.     Plaintiff and similarly situated individuals were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek and the lawful wage rate for all hours worked in a week.

21.     Defendant knowingly and willfully operated business with a policy of not paying Plaintiff and similarly situated individuals wages for hours worked over forty (40) hours in a week at the overtime wage rate and the lawful wage rate for all hours worked in a week in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

22.     Defendant did not provide Plaintiff and similarly situated individuals with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

23.     Upon information and belief, this was done to disguise the actual number of hours the Plaintiff and similarly situated individuals worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week and the lawful wage rate for all hours worked in a week.

24.     Plaintiff and similarly situated individuals have been substantially damaged by the Defendant's wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "24" of this Complaint as if fully set forth herein.

26.     The Plaintiff brings this FLSA Collective action on behalf of Plaintiff and all other persons similarly situated under §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

27.     The Collective Class consists of all current and former non-exempt employees who worked for Defendant who were not paid wages at the overtime rate when working more than forty (40) hours in a week and the lawful wage rate for all hours worked in a week.

28.     Other similarly situated employees have brought actions in this Court, which were not brought as a collective action and resolved individually.

29.     Section 13 of the FLSA exempts specific categories of individuals from overtime pay obligations and minimum wage obligations. None of the FLSA exemptions from overtime pay or minimum wage pay apply to the Plaintiff or Collective Members.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

30.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "29" of this Complaint as if fully set forth herein.

31.     At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32.     At all relevant times, Defendant employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

33.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

34.     Plaintiff and similarly situated individuals were entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

35.     Plaintiff and similarly situated individuals were entitled to be paid for all hours worked in a week at the minimum wage rate as provided for in the FLSA.

36.     Defendant failed to pay Plaintiff and similarly situated individuals compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA and at the lawful amount for all hours worked.

37.     At all relevant times, Defendant had, and continued to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate and at the lawful amount for all hours worked which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

6

38.     Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate and at the lawful amount for all hours worked when they knew or should have known such was due, and that non-payment of an overtime rate would financially injure Plaintiff and similarly situated individuals.

39.     Defendant failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

40.     Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendant. Plaintiff and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41.     Defendant failed to disclose or apprise Plaintiff and similarly situated individuals properly of the rights under the FLSA.

42.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages under the FLSA.

43.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and minimum wage rate as well as an equal amount as liquidated damages, and prejudgment interest thereon.

7

44.     Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

45.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "44" of this Complaint as if fully set forth herein.

46.     The wage provisions of the NYLL apply to Defendant and protect the Plaintiff and similarly situated individuals.

47.     Defendant, under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in a week and at the lawful amount for all hours worked.

48.     By failing to compensate Plaintiff and similarly situated individuals a wage for all hours worked over forty (40) hours in a week at the overtime wage rate and at the lawful amount for all hours worked, Defendant violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

49.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

50.     Therefore, Defendant knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate and at the lawful amount for all hours worked.

51.     Due to Defendant's NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendant unpaid wages at the overtime wage rate, unpaid wages at the

lawful amount, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and§ 198.

52.      Plaintiff and similarly situated individuals also seek liquidated damages under NYLL § 663(1).

**COUNT 3**
**[Failure to provide a Wage Notice]**

53.      Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.      The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

55.      Defendant has willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

56.      Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

57.      Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant failed to provide Plaintiff and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

9

## COUNT 4
### [Failure to provide Wage Statements]

58.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59.     Defendant has willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

60.     Through knowingly or intentionally failing to provide the Plaintiff and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

61.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a)     An award of unpaid wages at the overtime wage rate and minimum wage rate due under the FLSA;

(b)     An award of liquidated damages as a result of Defendant's failure to pay wages at the overtime wage rate and minimum wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate and lawful rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant's failure to pay wages at the overtime wage rate, failure to pay wages at the lawful rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
         July 3, 2020

Respectfully submitted

By:_____
Lawrence Spasojevich (LS 1029)

By:_____
Imran Ansari (IA 1978)